IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAWANNA MILLEDGE<br>2021 Plum Street<br>Philadelphia, PA 19124<br>　　　　　　Plaintiff | : <br> : <br> : <br> : <br> : | |
| v. | : <br> : | |
| RELIANCE STANDARD LIFE<br>INSURANCE COMPANY,<br>2001 Market Street, #1500<br>Philadelphia, PA 19103<br>　　　　　　Defendant | : <br> : <br> : <br> : <br> : | <br><br><br><br>NO.: |

## COMPLAINT

NOW COMES, the Plaintiff, Jawanna Milledge, by and through her Counsel,

Pond, Lehocky, LLP, and hereby complains of the above referenced Defendant,

Reliance Standard Life Insurance Company, (hereinafter referred to as "Reliance"),

as follows:

## I.　STATEMENT OF JURISDICTION:

1.　Jurisdiction is conferred upon this Honorable Court pursuant to 28

U.S.C. § 1331 and 29 U.S.C. § 1332(e). This Honorable Court has jurisdiction over

all issues raising a federal question and this instant matter involves a disability policy

issued to the Claimant through her Employer, thus it is governed by the Employee

Retirement Income Security Act of 1974 (ERISA) 29 U.S.C. § 1011, et seq.

2.　All acts and occurrences material to the instant causes of action occurred

within the jurisdictional boundaries of this Honorable Court as Reliance sent the

denial of benefits from a Philadelphia Post Office Box to and the Plaintiff received

the denial at 2005 Market St, Philadelphia, PA.

**II.    FACTS:**

3.    The Plaintiff, Jawanna Milledge, is an adult and competent individual

with a physical address of 2021 Plum Street, Philadelphia, PA 19124.

4.    The Defendant, Reliance, under information and belief, is a business

entity with a principal place of business located at 2001 Market Street #1500,

Philadelphia, PA 19103.

5.    Reliance is a business entity, which issues disability insurance

policies which are governed by the Employee Retirement Insurance Security Act

(ERISA), 29 U.S.C. §1011, et seq.

6.    On a date certain, Reliance, issued a policy providing disability

insurance benefits under policy number LTD 669885 to the Plaintiff through the

Plaintiff's employer, Temple University Health System, Inc.

7.    The policy of insurance aforementioned provided for an employee

benefit plan as defined and covered under the terms of ERISA.

8.    At all times material and relevant hereto, all policy premiums due on

behalf of the Plaintiff under said policy were paid.

9.    At all times material and relevant hereto, the Plaintiff performed all

obligations required of her under said contract of insurance.

10. At all times material and relevant hereto, the Plaintiff was a qualified participant in the employee benefit plan provided by Reliance to the Plaintiff's employer through policy number LTD 669885.

11. On a date certain, the Plaintiff filed an application for long term disability benefits with Reliance and benefits.

12. By correspondence dated December 31, 2019, Reliance notified the Plaintiff that her claim was denied as they found that she was capable of performing her regular occupation.

13. The Plaintiff retained counsel and filed an administrative appeal of the denial and submitted additional medical records and opinions of her treating physician in support of her claim.

16. By correspondence dated September 18, 2020, Reliance denied the Plaintiff's administrative appeal and informed her of her right to bring a civil action disputing the adverse benefit decision.

17. Reliance acted arbitrarily, capriciously and in a manner serving only its own business interest when it denied the Plaintiff's claim for disability benefits.

18. The actions of Reliance in denying the Plaintiff's claim for disability insurance benefits was arbitrary, capricious and was not made in good faith and made in violation of 29 U.S.C. §1001, et seq.

19.    The actions of Reliance in denying the Plaintiff's claim for disability insurance benefits are contrary to the language of the policy in question.

20.    The Plaintiff is entitled to disability insurance benefits under the aforementioned policy as he has satisfied through medical evidence that she meets the definition of disability under the policy of insurance.

21.    The Plaintiff is entitled to recover the benefits due to her under the aforementioned insurance policy in accordance with 29 U.S.C. §1132.

22.    As a direct and proximate result of the actions of Reliance as herein above more particularly described, the Plaintiff has been caused to incur attorneys' fees in an amount not yet known.

24.    As a direct and proximate result of the actions of Reliance, the Plaintiff has sustained damages in an amount not yet known to the Plaintiff; however, upon information and belief, such damages will approximate the amount of benefits due and owing to the Plaintiff from May 13, 2019 to the present and continuing into the future.

WHEREFORE, the Plaintiff, Jawanna Milledge, respectfully requests that judgment be entered against Reliance as follows:

1.    Ordering Reliance to pay to the Plaintiff, Jawanna Milledge, Long term disability insurance benefits from May 13, 2019 to the present and continuing into the future as provided for in the policy of insurance;

2.   Awarding the Plaintiff, Jawanna Milledge, prejudgment interest on the award until the date of judgment;

3.   Awarding the Plaintiff's attorney's fees, court costs and other reasonable costs incurred for the prosecution of the instant action;

4.   Granting such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED,

BY: _____

Michael J. Parker, Esquire
PA Bar ID No.: 93024

Pond, Lehocky, LLP
One Commerce Square
2005 Market Street
18th Floor
Philadelphia, PA 19103
(215)568-7500
Mparker@disabilityjustice.com